UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

In Re: Granulated Sugar　　　　　　　　　　　　MDL No. 24-3110 (JWB/DTS)
Antitrust Litigation

**PRETRIAL ORDER NO. 7:**
**Requiring Master Consolidated and**
**Short-Form Complaints**

---

　　This multidistrict litigation ("MDL") involves three classes of Plaintiffs—Direct Purchasers, Commercial Indirect Purchasers, and Indirect Consumer Purchasers—alleging violations of Section 1 of the Sherman Act and related claims. Plaintiffs previously filed three separate Consolidated Complaints for each class (Doc. Nos. 292, 293, 294). Upon review, this Court finds that consolidating common allegations into a Master Consolidated Complaint and supplementing it with class-specific Short-Form Complaints will improve clarity, avoid redundancy, and promote efficient case management. The intent of this Order is to streamline responsive pleadings, discovery, and pretrial motions without compromising the distinct interests of the different Plaintiff groups.

　　Accordingly, this Order sets forth the procedure and deadlines for these pleadings.

　　**1.　　Master Consolidated Complaint**

　　Plaintiffs' Co-Lead Counsel must file a Master Consolidated Complaint on or before February 27, 2025. The Master Consolidated Complaint must consolidate all common factual allegations and shared causes of action (e.g., Section 1 of the Sherman

Act). This document, along with the Short-Form Complaints, will together serve as the operative pleadings for pretrial motions, including motions to dismiss and other dispositive motions. This means a party could, for example, move to dismiss a claim asserted in the Master Consolidated Complaint or in a Short-Form Complaint, and the factual allegations asserted in both would be considered. The Master Consolidated Complaint and the Short-Form Complaints will serve as the operative documents for coordinated discovery on liability issues. The Master Consolidated Complaint shall not exceed 90 pages, exclusive of appendices, addenda, or exhibits. The Master Consolidated Complaint must be filed in the MDL (Case No. 24-3110) and also in each member case.

2. **Short-Form Complaints**

Each Plaintiff group (Direct Purchasers, Commercial Indirect Purchasers, and Indirect Consumer Purchasers) must file their respective Short-Form Complaint on or before March 14, 2025. The Short-Form Complaints shall adopt the Master Consolidated Complaint by reference. The Short-Form Complaints must identify any class-specific claims (e.g., Clayton Act damages for Direct Purchasers or state-law claims for Indirect Purchasers), and specify any unique relief sought (e.g., damages, injunctive relief). Plaintiffs may attach an addendum to their Short Form Complaint that clearly and concisely states the state-specific allegations supporting state-based causes of action. Any addendum or appendix for state-specific claims should summarize these claims in chart format, specifying the statute, type of claim, and relief sought. Each Short-Form Complaint shall not exceed 40 pages, exclusive of appendices, addenda, or exhibits.

Each Short-Form Complaint must be filed in the MDL (Case No. 24-3110) and

also in each member case to which it applies. (For example, the Short-Form Complaint for Direct Purchaser Plaintiffs should be filed in the MDL (Case No. 24-3110) and in the Direct Purchaser Plaintiff member cases.) The MDL case number and any member case numbers to which the Short-Form Complaint relates must be listed in the caption. Any requested Summons will be issued in the appropriate member cases.

3. **Status of Current Consolidated Complaints**

The allegations in the current Consolidated Complaints (Doc. Nos. 292, 293, 294) may be incorporated into the Master Consolidated Complaint and Short-Form Complaints as appropriate, to ensure that no claims are inadvertently omitted during this transition.

The current Consolidated Complaints filed by the Direct Purchasers, Commercial Indirect Purchasers, and Indirect Consumer Purchasers (Doc. Nos. 292, 293, 294) will be superseded by the Master Consolidated Complaint for purposes of pretrial proceedings. They will no longer function as operative pleadings upon the filing of the Master Consolidated Complaint and Short-Form Complaints. Defendants should not respond to the current Consolidated Complaints filed at Doc. Nos. 292, 293, and 294.

4. **Response to the Master Consolidated Complaint and Short-Form Complaints.**

Paragraph 3 of Pretrial Order No. 5 is amended as follows.

Defendants' deadline to answer or otherwise respond to Plaintiffs' Master Consolidated Complaint and Short-Form Complaints is **May 13, 2025**. If a Motion to Dismiss is filed, Opposition briefs are due **June 12, 2025**. Reply briefs are due **June 27, 2025**. Surreplies are not permitted without Court permission. All other provisions in the

3

November 14, 2024 Scheduling Order (Pretrial Order No. 5) remain in full effect, unless otherwise ordered by the Court.

If Motions to Dismiss by multiple Defendants are contemplated, the Defendants' Steering Committee must meet and confer and consider whether joint consolidated motions could be filed to promote efficiencies. After the filing of the Short-Form Complaints, and on or before **March 31, 2025**, the Defendants' Steering Committee must submit a status report outlining their plan for coordinated responses, including whether joint consolidated motions will be filed.

Date:   January 28, 2025                                  *s/ Jerry W. Blackwell*
                                                                              JERRY W. BLACKWELL
                                                                              United States District Judge